IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY E. WALKER,

        Plaintiff,                    No. CIV S-09-0916 WBS DAD P

    vs.

D. SILBUGH, et al.,

        Defendants.            ORDER

                                /

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

1 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and
2 resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
3        On April 3, 2009, plaintiff simultaneously filed with the court his civil rights
4 complaint (Doc. No. 1) and an amended complaint along with a request to amend (Doc. No. 2).
5 The court will construe plaintiff's amended complaint as the operative complaint in this action.[1]
6 In his amended complaint, plaintiff claims that his rights under the Eighth Amendment were
7 violated because he received inadequate mental health treatment, his single-cell status was
8 illegally changed, and he was subjected to libel, defamation, slander, and discrimination.
9        The amended complaint is not a model pleading and is difficult to decipher.
10 However, it appears that plaintiff is attempting to allege as follows.  On June 25, 2006, defendant
11 Marino "illegally" removed plaintiff from a single cell and placed plaintiff in a cell with another
12 inmate.  (Am. Compl. at 6[2].)  When plaintiff informed correctional staff that he was hearing
13 voices telling plaintiff to "get his cellie before he gets him," plaintiff was moved to a single cell
14 in the mental health unit.  (Id.)  Plaintiff does not indicate whether he was subsequently moved
15 back to a double-occupancy cell.  On September 4, 2007, an interdisciplinary treatment team
16 meeting was held and unnamed participants agreed that plaintiff no longer needed to remain in a
17 single cell.  (Id. at 8.)  This decision caused plaintiff anxiety, high blood pressure, increased
18 paranoia, and stress.  (Id.)  Defendant Alexander has told plaintiff that no interdisciplinary
19 meeting was held on September 4, 2007; however, plaintiff continues to request documents
20 concerning this meeting.  (Id. at 8-9.)  Plaintiff's medical diagnosis has been changed to
21 "exhibitionism" which plaintiff contends was done to punish and humiliate him.  (Id. at 10-11.)
22 /////

---

[1] The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

[2] In referring to plaintiff's amended complaint the court shall use the page numbers from the court's electronic filing system.

3

Plaintiff seeks the following relief: one million dollars for compensatory damages and one million dollars for punitive damages from each defendant, an injunction preventing the defendants from removing plaintiff from single-cell status in the future, an injunction requiring the removal of all false mental health documents from plaintiff's file and the "correction of all incomplete info from courts or any where," and an injunction prohibiting institution staff from relying on incomplete documents from the year 2000 in dealing with plaintiff. (Id. at 15.)

The court concludes that the allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The court notes that with respect to several defendants named in his amended complaint, plaintiff has failed to provide any factual allegations concerning their

4

alleged involvement in the violation of his constitutional rights.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in his second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court will also provide plaintiff with the following legal standards governing an Eighth Amendment claim such as that he is apparently attempting to state in this action.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

/////

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then allege and prove that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's

claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In his second amended complaint, plaintiff must explain what mental health care he did not receive and why he believes that the mental health care he did receive was constitutionally inadequate.

As to the change in his single-cell status, plaintiff is informed that in general, prisoners have no liberty interest in any particular classification status. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir.1996); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). Therefore, plaintiff is not entitled to any procedural due process before his single-cell status is changed. To the extent that plaintiff is claiming that removing him from single-cell status places him at an excessive risk of harm, plaintiff must allege additional facts, such as to when and how long he was in a cell with other inmates, why being housed in a cell with another inmate endangers his safety, and what evidence he has to support this claim. In his second amended complaint, plaintiff must also identify the defendants who changed his single-cell status and allege facts explaining how they were involved in that decision.

Plaintiff is also advised that claims of libel, defamation and slander are not cognizable in a § 1983 action. See Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986) (damage to reputation, standing alone, cannot state a claim for relief under § 1983) (citing Paul v. Davis, 424 U.S. 693 (1976)). Plaintiff also suggests in his amended complaint that he was discriminated against. However, he fails to allege any facts explaining how he was treated differently from any other similarly situated individual.

7

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 3, 2009 application to proceed in forma pauperis (Doc. No. 3) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (Doc. No. 1) and amended complaint (Doc. No. 2) are dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: November 16, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
walk0916.14